# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Charlotte R. Machado
_____

_____
Write the full name of each plaintiff.

-against-

General Motors LLC.
_____

Ignition Switch Litigation
_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**18 CV 2984**

1:15 CV 05528
_____CV_____
(Include case number if one has been assigned)

(related to)

## COMPLAINT

Do you want a jury trial?
☑ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ Federal Question

☑ Diversity of Citizenship

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____
_____
_____
_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, __Charlotte R. Machado__, is a citizen of the State of
(Plaintiff's name)

__New York__
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, __General Motors LLC.__, is a citizen of the State of
(Defendant's name)

__Delaware__

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, __General Motors__, is incorporated under the laws of the State of __Delaware__

and has its principal place of business in the State of __Delaware__

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Charlotte | R. | Machado |
|---|---|---|
| First Name | Middle Initial | Last Name |

__416 McDonald Avenue, APT 1F__
Street Address

| Kings County, Brooklyn | NY | 11218 |
|---|---|---|
| County, City | State | Zip Code |

| 914-886-8033 | charlottemachado465@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:   General Motors LLC.
               _____
               First Name                Last Name

               _____
               Current Job Title (or other identifying information)

               _____
               Current Work Address (or other address where defendant may be served)
                                         Delaware
               _____
               County, City              State              Zip Code

Defendant 2:   _____
               First Name                Last Name

               _____
               Current Job Title (or other identifying information)

               _____
               Current Work Address (or other address where defendant may be served)

               _____
               County, City              State              Zip Code

Defendant 3:   _____
               First Name                Last Name

               _____
               Current Job Title (or other identifying information)

               _____
               Current Work Address (or other address where defendant may be served)

               _____
               County, City              State              Zip Code

Defendant 4: _____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: **Palm Bay, Florida**

Date(s) of occurrence: **06/16/2004**

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**Please see attached**

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Please see attached

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Please see attached

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| April 4, 2018 | *Charlotte R Machado* |
|---|---|
| Dated | Plaintiff's Signature |

| Charlotte | R. | Machado |
|---|---|---|
| First Name | Middle Initial | Last Name |

416 McDonald Avenue, APT 1F
Street Address

| Kings County, Brooklyn | NY | 11218 |
|---|---|---|
| County, City | State | Zip Code |

| 914-886-8033 | charlottemachado465@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

*C. Machado*

**Statement of Claim**

On Wednesday, June 16th 2004, Marie Machado, the mother of the Plaintiff Charlotte Machado was driving northbound in left lane on State Road 9 (I-95) in Palm Bay Florida, driving home from her work as a waitress in Vero Beach Florida. The police report states as follows:

"Vehicle #1 (V-1) was traveling north in the left lane on SR-9 (Interstate I-95). Vehicle #2 (V-2) was traveling south in the right lane on SR-9. (Contributing to cause #1) For some unknown reason V-1 entered the center median of SR-9 in a southwesterly direction. V-1 crossed the left southbound lane and entered into the right southbound lane in a northerly direction V-1 entered into the path of V-2. The front area of V-2 struck the front area of V-1 for the initial impact. V-1 rotated clockwise reentering the center median coming to final rest facing southeast. V-2 entered the west shoulder of southbound SR-9 in a southerly direction. V-2 entered the west shoulder of southbound SR-9 in a southerly direction. V-2 continued traveling south on the west shoulder of SR-9 prior to V-2 overturning."

This head-on collision resulted in the death of Marie Machado at 12:49am June 16th, 2004.

The reason why Marie Machado's vehicle ("V-1"), going northbound, crossed into the median on State Road 9 (Interstate 95) at 70 miles per hour into southbound traffic, is still unknown, per the police report.

The vehicle Marie Machado was driving a 2002 Chevrolet Impala, which had recalls, and dangerous defects which were known and concealed by both Old GM and New GM (the Defendant).

*C. Machado*

These recalls include:

NHTSA Recall Number 09V116, which recalls General Motors MY 1997-2003 Buick Regal, MY 1998-2003 Chevrolet Lumina, Monte Carlo and Impala, MY 1998-1999 Oldsmobile Intrigue, MY 1997-2003 Pontiac Grand Prix vehicles equipped with a 3.8L V6 naturally aspirated engine. Some of these vehicles have a condition in which drops of engine oil may be deposited on the exhaust manifold through hard braking.

The safety risk is that if the the manifold is hot enough and the oil runs below the heat shield, it may ignite into a small flame and may spread to the plastic spark plug wire channel and beyond increasing the risk of an engine compartment fire.

The 2002 Chevrolet Impala is also subject to NHTSA Recall Number 14V400. General Motors has decided that this defect which relates to motor vehicle safety exists in 2000-2005 MY Chevrolet Impala and Monte Carlo, 1997-2003 MY Chevrolet Malibu, 2004-2005 MY Chevrolet Malibu Classic, 1999-2004 MY Oldsmobile Alero, 1998-2002 MY Oldsmobile Intrigue, 1999-2005 MY Pontiac Grand Am, and 2004-2008 MY Pontiac Grand Prix vehicles. If the key ring in these vehicles is carrying added weight and the vehicle goes off road or experiences some other jarring event, it may unintentionally move the key away from the run position. If this occurs, engine power, power steering and power braking may be affected, increasing the risk of a crash.

The safety risk of this recall is that the timing of the key movement out of the "run" position, relative to the activation of the sensing algorithm of the crash event, may result in the airbags not deploying, increasing the potential for occupant injury in certain kinds of crashes.

Additionally, the ignition switch to vehicles subject to these recalls are prone to fail during ordinary driving situations such as traveling across bumpy or uneven roadways, or when the

*C. Machado*

vehicle experiences extreme jarring movements. When the ignition switch fails in these mundane circumstances, moving from "run" to the "accessory" or "off position" during ordinary operation of the vehicle, the power of the vehicle is terminated, even during highway speeds, and the vehicle loses power steering and power brakes, which suddenly and without warning makes the vehicle difficult to control.

When the ignition switch on the vehicles fails during ordinary and foreseeable driving situations, the airbag system becomes disabled and fails to deploy, leading to fatalities and serious harm to the driver and passengers. In this case, the ignition switch defect led to the death of Marie Machado.

Prior to the accident on June 16, 2004, defendant General Motors LLC (New GM" or "Defendant") knew that Mrs. Machado's 2002 Impala was defective, yet failed to adequately disclose the defect or warn users of its existence. Rather, the Defendant negligently and intentionally concealed the defect from the mother of the Plaintiff, Mrs. Machado, the federal government and the public at large.

Both Old GM and New GM knew prior to March 2002 that a vehicle may fail if a driver bumps the ignition key with their knee and unintentionally moves the key away from the "run" position. If this occurs engine power, and a power braking will be affected and power steering may be affected, increasing the risk of a crash. The timing of the key movement out of the "run" position, relative to the activation of the sensing algorithm of the crash event, may result in the airbags not deploying, increasing the potential for occupant injury or death in certain kinds of crashes. Yet they concealed and obscured the defect, which resulted in the death of Marie Machado.

C. *Machado*

**Factual Background**

Plaintiff Charlotte Machado is a surviving dependent of deceased Marie Machado, the driver of the 2002 Chevrolet Impala.

In 2002, Marie Machado signed a lease on a 2002 Chevrolet Impala Sedan from the Chevrolet dealership of Palm Bay.

The autopsy report showed negative signs of drug or alcohol content in her system 24 hours before the collision.

"General Motors, LLC ("New GM") is a Delaware limited liability company. On July 10, 2009, New GM acquired substantially all of the assets and assumed certain liabilities of General Motors Corporation ("Old GM") by way of a Section 363 sale under Chapter 11 of the Bankruptcy Code. New GM assumed specific liabilities of Old GM, which filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 1, 2009. Pursuant to the Agreement and other orders of the Bankruptcy Court, Defendant New GM, purchased the assets of Old GM and hired many, if not most, of Old GM's employees including, on information and belief, most of the same senior level management, officers and directors. New GM also acquired Old GM's designs, tools, inventory, books, records, and its key contracts, among other essential assets."

**Injuries**

Injuries to the plaintiff, resulting in the death of Marie Machado, include but are not limited to, childhood bereavement, severe anxiety, depression and Post-Traumatic Stress Disorder.

C. Machado

**Relief**

What is a life worth? A mother is one and forever. The Defendant,( Old GM and New GM) is directly responsible for the death of Marie Machado, the mother of the plaintiff, Charlotte Machado. The relief that I, the Plaintiff, would like is for my mother back, but that is not possible. Because of the Defendant's fraud and greed, my mother died a gruesome death, alone on a highway, and never made it back home to her children like she promised, and she died with that guilt. Sometimes I imagine those last moments, the agony of her body crunched into her car, the life passing before her eyes as she speed head-on on into incoming traffic at 70 miles per hour, trapped in a vehicle with no escape to meet to meet her doom. I wasn't there but these disturbing images have often interrupted me ever since June 16, 2004—whether walking along my way, going to sleep, or waking, these thoughts are always before me. They are the perpetual uninvited guests and come to me at the most inopportune times, amongst sadness or joy, whether alone or with friends—I am haunted by tragedy. As the only daughter of Marie, I feel obligated to pick up where she left off, carry her memory and live her life for her, and to demand justice for her life which was cruelly and wrongfully cut short due to the Defendant's fraud, greed and deceit.

**Damages**

The plaintiff brings these damages action against New GM asserting claims for wrongful death, negligence, fraudulent concealment, strict products liability, and punitive damages under Federal and State Law.

The plaintiff demands a Jury Trial and strongly presses for the full prosecution of the Defendant, from all levels of management.

C. *Machado*

A life cannot be measured with monetary value. That being said, Plaintiff Charlotte Machado, in individually prays for damages against the defendant in a sum of money in excess of the jurisdictional amount of 10, 000,000 dollars any other relief to be deemed just and equitable to which she is entitled.

The death of Marie T. Machado was directly and proximately caused by Old GM's and Defendant New GM's conduct and omissions. Accordingly, Plaintiff Charlotte Machado is entitled to reasonable and actual damages.

   a. Past, present, and future medical expenses, and treatment and;
   b. Past, present, and future pain and suffering
   c. Past, present, and future severe emotional distress
   d. Past, present and future loss of enjoyment of life.